## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

TERRY PAUL GLENN JR.,

     Plaintiff,

v.

BRYAN BRUENGER; JOSHUA
TRUESDALE; and JOSHUA LATIMER;

     Defendants.

_____/

**Case No.: 3:22-cv-0941**

**Jury Trial Demanded**

## AMENDED COMPLAINT

1.    Plaintiff seeks money damages and equitable relief from Defendants for violating his constitutional rights, and injunctive relief to prevent injury to himself in the future. He also brings forward supplemental claims for violations of Florida state law.

2.    Plaintiff was the victim of excessive force by Defendants BRYAN BRUENGER, JOSHUA TRUESDALE, and JOSHUA LATIMER in violation of the Fourth Amendment to the U.S. Constitution and Florida state tort laws.

3.    Plaintiff brings suit under 42 U.S.C. § 1983.

4.    Plaintiff has served notice of his state law claims in compliance with § 768.28, Florida Statutes.

## JURISDICTION

5.    This Court has jurisdiction over the claims in this Complaint pursuant

1

to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief), and 42 U.S.C. §§ 1981, 1983, 1988.

6.    This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7.    This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

## VENUE

8.    Venue is proper in this district based on 28 U.S.C. § 1391(b), as Defendants are residents of this district and the acts or occurrences giving rise to these claims occurred in this district.

## PARTIES

9.    Plaintiff TERRY PAUL GLENN JR. resides in Lake City, Florida.

10.    Defendants are all, upon information and belief, Florida, individual members of law enforcement agencies.

11.    Defendant BRUENGER was, at all times relevant, a deputy of CCSD. He is sued in his personal and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

12.    Defendant TRUESDALE was, at all times relevant, a deputy of CCSD. She is sued in her personal and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

13.    Defendant LATIMER was, at all times relevant, a deputy of CCSD. He is sued in his personal, and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

14.    All Defendant law enforcement officers, agents and/or employees were, at all times relevant to this Complaint, working as on or off duty licensed Florida peace officers acting under color of state law and within the scope and course of their duties and employment as officers.

15.    All facts alleged in this Complaint took place within the geographic territory comprising the Middle District of Florida.

## FACTS COMMON TO ALL COUNTS

16.    On or about March 1, 2020, Plaintiff was a passenger in a vehicle that was travelling in Columbia County Florida.

17.    While travelling, GLENN and his co-passengers noticed a vehicle had been stopped alongside the roadway and that Mr. GLENN's brother was being interrogated alongside.

18.    Mr. GLENN's party pulled around to a public parking lot near which his brother had been detained. He walked around to the scene on the public roadway and attempted to ascertain whether his brother was in distress.

19.    Defendant BRUENGER was assisting the stop of Mr. GLENN's brother and approached Mr. GLENN on the public sidewalk as he approached the

3

scene. Without cause and without warning, BRUENGER grabbed Mr. GLENN and placed him in restraints.

20.    While attempting to ascertain the reason for his detention, BRUENGER began to exercise violent force and struck Mr. GLENN with fists and his knee **while** Mr. GLENN was already restrained and defenseless on the ground. BRUENGER then dragged the Plaintiff to the department vehicle on the scene and attempted to force Mr. GLENN inside.

21.    Mr. GLENN was not placed entirely inside the vehicle, and his feet remained outside the threshold of the door where BRUENGER began to repeatedly slam the department vehicle door on the Plaintiff's limbs.

22.    After detaining Mr. GLENN and fully placing him in the department vehicle, BRUENGER and the other officers attendant returned to their interrogation of Mr. GLENN's brother at the scene. The Plaintiff began to struggle inside of the law enforcement vehicle, causing BRUENGER to return and remove Mr. GLENN from the vehicle for a second time.

23.    BRUENGER and the other officers attendant grappled with Mr. GLENN while he remained in handcuffs and forced him to the ground a second time. One of the officers named as Defendants, exactly which one is presently unknown but will be obtained in discovery, slammed GLENN's head into the concrete while applying a knee to his back.

24.    Mr. GLENN was arrested, taken into custody, and held by the officers attendant.  Reports filed commensurate with the incident alleged falsely that the Plaintiff committed the offenses of battery, corruption by threat, and resisting officers with violence.  In reality, GLENN was fully restrained and in handcuffs, and the officers committed the foregoing battery on GLENN, not the other way around.

### Excessive Force Violation

25.    On March 1, 2020, Plaintiff had a clearly-established constitutional right to be free from excessive force.

26.    Plaintiff did not pose any threat to Defendants BRUENGER, TRUESDALE, LATIMER, other officers/deputies, or civilians.

27.    Defendant TRUESDALE knew or reasonably should have known of the danger he placed Plaintiff into by his assault.

28.    Defendant LATIMER knew or reasonably should have known of the danger he placed Plaintiff into by her assault.

29.    Defendant BRUENGER repeatedly struck, kicked, and beat the Plaintiff in an excessive and dangerous manner and he knew or reasonably should have known that such actions could result in pain and harm to Plaintiff.

30.    The actions of Defendants BRUENGER, TRUESDALE, and LATIMER constituted clear excessive force.

31.    Further, Defendants BRUENGER, TRUESDALE, and LATIMER had

an obligation to stop one another while witnessing such excessive force, not commit to a joint assault.

32.    Defendants' actions deprived the Plaintiff of his right to be free from excessive force, as explained individually concerning each officer present at the scene above.

33.    All Defendants were state actors acting under color of state law.

## COUNT I
### 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)
### Defendant BRUENGER

34.    Paragraphs 1-33, are incorporated herein by reference as though fully set forth.

35.    Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

36.    The Fourth Amendment does not permit Defendant, BRUENGER, to use excessive force. "The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment." *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) (citation omitted).

37.    "We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

38.    Circumstances relevant to the reasonableness of the officer's conduct

include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Priester v. City of Rivera Beach*, 208 F.3d 919 (11th Cir. 2000). In the instant case, Mr. GLENN had committed no crime, posed no threat to the safety of the officers or others, nor was he attempting to evade arrest by flight.

39.     The individual Defendant's use of force against Plaintiff was not reasonable under the circumstances, and was excessive. Specifically: striking Mr. GLENN with fists and knees; repeatedly slamming the police vehicle door on his leg; wrestling Mr. GLENN to the concrete where he struck his head, elbows, knees, and chest on the concrete; and finally applying unnecessary pressure to the back of Mr. GLENN's neck and back with his knee while already subdued.

40.     Wherefore, as a direct and proximate result of the actions of Defendant, BRUENGER, Plaintiff has suffered damages in amount in excess of $100,000.00.

**COUNT II**
**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**
**Defendant TRUESDALE**

41.     Paragraphs 1-33, are incorporated herein by reference as though fully set forth.

42.     Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

7

43.    The Fourth Amendment does not permit Defendant, TRUESDALE, to use excessive force. "The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment." *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) (citation omitted).

44.    "We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

45.    Circumstances relevant to the reasonableness of the officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Priester v. City of Rivera Beach*, 208 F.3d 919 (11th Cir. 2000). In the instant case, Mr. GLENN had committed no crime, posed no threat to the safety of the officers or others, nor was he attempting to evade arrest by flight.

46.    The individual Defendant's use of force against Plaintiff was not reasonable under the circumstances, and was excessive. Specifically when TRUESDALE committed to a joint assault on Mr. GLENN with other officers, violently forcing him to the ground and applying a knee to the Plaintiff's back after he had already been subdued.

47.    Wherefore, as a direct and proximate result of the actions of Defendant,

TRUESDALE, Plaintiff has suffered damages in amount in excess of $100,000.00.

## COUNT III
### 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)
### Defendant LATIMER

48.    Paragraphs 1-33, are incorporated herein by reference as though fully set forth.

49.    Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

50.    The Fourth Amendment does not permit Defendant, LATIMER, to use excessive force. "The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment." *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) (citation omitted).

51.    "We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

52.    Circumstances relevant to the reasonableness of the officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Priester v. City of Rivera Beach*, 208 F.3d 919 (11th Cir. 2000). In the instant case, Mr. GLENN had committed no crime, posed no threat to the safety of the officers or others, nor was he attempting to evade arrest

by flight.

53. The individual Defendant's use of force against Plaintiff was not reasonable under the circumstances, and was excessive. Specifically when LATIMER committed to a joint assault on Mr. GLENN with other officers, violently forcing him to the ground and applying a knee to the Plaintiff's back after he had already been subdued.

54. Wherefore, as a direct and proximate result of the actions of Defendant, LATIMER #1, Plaintiff has suffered damages in amount in excess of $100,000.00.

## COUNT IV
## 42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene)
## Defendant BRUENGER

55. Paragraphs 1-33 and 41-54 are incorporated herein by reference as though fully set forth.

56. Plaintiff brings this claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

57. TRUESDALE's use of force against Plaintiff was excessive.

58. Defendant LATIMER's use of force against Plaintiff was excessive.

59. Defendant BRUENGER had a duty to intervene and protect Plaintiff but failed to do so in violation of *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981). BRUENGER was present at the scene of the violation of Mr. GLENN's constitutional rights. He directly witnessed the use of excessive force by Defendants

10

TRUESDALE and LATIMER. Though BRUENGER had a reasonable opportunity to intervene in order to prevent or mitigate injury to Mr. GLENN, he chose not to.

60.    Defendant BRUENGER failed to take any action to prevent harm to Mr. GLENN, and thereby proximately caused excessive force to be inflicted upon Mr. GLENN that resulted in injury.

61.    Any reasonable police officer in the position of BRUENGER or other bystanding officers would have know that the force being used against Mr. GLENN was both excessive and unconstitutional.

62.    Any reasonable police officer in the position of BRUENGER or other bystanding officers would have known that they had a duty to take reasonable measures to prevent harm to Mr. GLENN.

63.    BRUENGER's conduct resulted in physical injury to Mr. GLENN along with emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

64.    Wherefore, as a direct and proximate result of Defendant, BRUENGER's actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT V
### 42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene)
### Defendant TRUESDALE

65.    Paragraphs 1-40 and 48-54, are incorporated herein by reference as though fully set forth.

66.    Plaintiff brings this claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

67.    LATIMER's use of force against Plaintiff was excessive.

68.    Defendant BRUENGER's use of force against Plaintiff was appallingly excessive.

69.    Defendant TRUESDALE had a duty to intervene and protect Plaintiff but failed to do so in violation of *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981). TRUESDALE was present at the scene of the violation of Mr. GLENN's constitutional rights. He directly witnessed the use of excessive force by Defendants BRUENGER and LATIMER. Though TRUESDALE had a reasonable opportunity to intervene in order to prevent or mitigate injury to Mr. GLENN, he chose not to.

70.    Defendant TRUESDALE failed to take any action to prevent harm to Mr. GLENN, and thereby proximately caused excessive force to be inflicted upon Mr. GLENN that resulted in injury.

71.    Any reasonable police officer in the position of TRUESDALE or other by-standing officers would have know that the force being used against Mr. GLENN

was both excessive and unconstitutional.

72.    Any reasonable police officer in the position of TRUESDALE or other by-standing officers would have known that they had a duty to take reasonable measures to prevent harm to Mr. GLENN.

73.    TRUESDALE's conduct resulted in physical injury to Mr. GLENN along with emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

74.    Wherefore, as a direct and proximate result of Defendant, TRUESDALE's actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

**COUNT VI**
**42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene)**
**Defendant LATIMER**

75.    Paragraphs 1-54, are incorporated herein by reference as though fully set forth.

76.    Plaintiff brings this claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

77.    Defendant TRUESDALE's use of force against Plaintiff was excessive.

78.    Defendant BRUENGER's use of force against Plaintiff was appallingly excessive.

13

79.     Defendant LATIMER had a duty to intervene and protect Plaintiff but failed to do so in violation of *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981). LATIMER was present at the scene of the violation of Mr. GLENN's constitutional rights.    He directly witnessed the use of excessive force by Defendants TRUESDALE and BRUENGER.    Though LATIMER had a reasonable opportunity to intervene in order to prevent or mitigate injury to Mr. GLENN, he chose not to.

80.     Defendant LATIMER failed to take any action to prevent harm to Mr. GLENN, and thereby proximately caused excessive force to be inflicted upon Mr. GLENN that resulted in injury.

81.     Any reasonable police officer in the position of LATIMER or other by-standing officers would have know that the force being used against Mr. GLENN was both excessive and unconstitutional.

82.     Any reasonable police officer in the position of LATIMER or other by-standing officers would have known that they had a duty to take reasonable measures to prevent harm to Mr. GLENN.

83.     LATIMER's conduct resulted in physical injury to Mr. GLENN along with emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

84.     Wherefore, as a direct and proximate result of Defendant LATIMER's actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

14

## COUNT VII
**Intentional Torts: Assault, Battery, False Arrest, False Imprisonment,
Intentional Infliction of Emotional Distress
Defendant BRUENGER**

85.    Paragraphs 1-33, are incorporated herein by reference as though fully set forth.

86.    Defendant BRUENGER was an employee, deputy and/or agent of Columbia County Florida.

87.    All acts of BRUENGER alleged above were conducted within the scope of the Defendants' employment or duties.

88.    The actions of Defendant BRUENGER were willful, malicious, extreme, outrageous, and in violation of the known rights of Plaintiff.

89.    On March 1, 2020, Defendant BRUENGER committed assault and battery upon Plaintiff when he baldly attacked the Plaintiff with his fists, knees, and repeatedly struck the Plaintiff repeatedly with a vehicle door.

90.    Defendant BRUENGER, without probable cause or articulated suspicion, handcuffed and put Plaintiff in his department vehicle.

91.    Defendant BRUENGER falsely imprisoned Plaintiff in his department vehicle while he and Defendants TRUESDALE and LATIMER investigated and questioned the Plaintiff's brother.

92.    At all times, Plaintiff knew he was imprisoned by Defendant BRUENGER.

93.    Defendant's conduct was intentional and done through the assertion of legal authority over Plaintiff.

94.    Defendant's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

95.    Defendant BRUENGER's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

96.    Wherefore, as a direct and proximate cause of the actions of Defendant, BRUENGER, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT VIII
### Intentional Torts: Assault, Battery, Intentional Infliction of Emotional Distress
### Defendant TRUESDALE

97.    Paragraphs 1-33, are incorporated herein by reference as though fully set forth.

98.    Defendant TRUESDALE was an employee, deputy and/or agent of the Columbia County Sheriff's Office.

99.    All acts of TRUESDALE alleged above were conducted within the scope of the Defendants' employment or duties.

100.   The actions of Defendant TRUESDALE were willful, malicious, extreme, outrageous, and in violation of the known rights of Plaintiff.

101.   On March 1, 2020, Defendant TRUESDALE committed assault and battery upon Plaintiff when he participated in an unprovoked attack on Mr. GLENN

while he was restrained, applying force via his knees, hands, and body weight, and assisting BRUENGER in wrestling Mr. GLENN to the ground.

102.   Defendant's conduct was intentional and done through the assertion of legal authority over Plaintiff.

103.   Defendant's conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

104.   Wherefore, as a direct and proximate cause of the actions of Defendant TRUESDALE, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT IX
### Intentional Torts: Assault, Battery, Intentional Infliction of Emotional Distress
### Defendant LATIMER

105.   Paragraphs 1-33, are incorporated herein by reference as though fully set forth.

106.   Defendant LATIMER was an employee, deputy and/or agent of a municipality.

107.   All acts of LATIMER alleged above were conducted within the scope of the Defendants' employment or duties.

108.   The actions of Defendant LATIMER were willful, malicious, extreme, outrageous, and in violation of the known rights of Plaintiff.

109.   On March 1, 2020, Defendant LATIMER committed assault and

battery upon Plaintiff when he participated in an unprovoked attack on Mr. GLENN while he was restrained, applying force via his knees, hands, and body weight, and assisting BRUENGER in wrestling Mr. GLENN to the ground.

110.    Defendant LATIMER's conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

111.    Wherefore, as a direct and proximate cause of the actions of Defendant, WATKINS, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, and grant the following:

A.    Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate him for the violation of his Fourth Amendment rights and rights under Florida state law;

B.    Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. § 1983 claims;

C.    Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C. § 1988; pre-judgment interest and any other relief deemed necessary and proper;

D.    For leave to amend Complaint to include a claim for punitive damages under state law; and

E.    Grant all other and additional relief to which Plaintiff may be entitled.

Dated: April 25, 2023

_____
 CHRISTOPHER W. WICKERSHAM JR., ESQ.
Florida Bar Number: 91703
LAW OFFICES OF C. W. WICKERSHAM JR., P.A.
The Whiteway Building, Suite 205
2720 Park Street, Jacksonville, FL 32205
(904) 389-6202 Telephone
(904) 389-6204 Facsimile
Email:  pleadings@chriswickersham.com
*Counsel to Plaintiff*